# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ABELINO ANTONIO LOPEZ,

      Plaintiff,

v.                                                      No. 1:25-cv-00195-MIS-JFR

WILLIAM KNOX WHITE,

      Defendant.

## ORDER OF DISMISSAL

On February 24, 2025, *pro se* Plaintiff Abelino Antonio Lopez filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 alleging:

> After being cited on a traffic violation shortly there after I was arrested on a bench warrant that I never knew I had. I was never notified about the bench warrant even tho I respon[d]ed to the Courts. I was illegally detained for 2 days. Judge William White illegally falsified documents.

ECF No. 1 at 2 ("Complaint"). There are no other factual allegations. Plaintiff asserted due process and other claims pursuant to 42 U.S.C. § 1983 against Defendant William Know White, who is a state court judge. *See id.* at 2-3. Plaintiff did not indicate whether he is suing Defendant in his official capacity, personal capacity or both. Plaintiff seeks monetary damages. *See id.* at 5.

United States Magistrate Judge John F. Robbenhaar notified Plaintiff:

> The Complaint fails to state a claim for monetary damages against Defendant in his official capacity.

>> The Eleventh Amendment ordinarily grants a state immunity from suits brought in federal court by its own citizens or those of another state. *Chamber of Commerce of U.S. v. Edmondson,* 594 F.3d 742, 760 (10th Cir.2010). The immunity extends to arms of the state and to state officials who are sued for damages in their official capacity. *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013).

> *Turner v. National Council of State Boards of Nursing, Inc.*, 561 Fed.Appx. 661, 665 (10th Cir. 2014); *Hull v. State of New Mexico Taxation and Revenue*

*Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits.") (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990)).

The Complaint fails to state a claim for monetary damages against Defendant in his personal capacity. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

Order to Show Cause at 2-3, ECF No. 5.

Judge Robbenhaar ordered Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim and to file an amended complaint. *See id.* at 3-4 (notifying Plaintiff that "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.") (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)).

On March 18, 2025, Plaintiff filed a document titled "The Right to Amend and Notice of the Violation of the Administration Procedures Act of 1946 and Notice of Claim of 1.1 Million Dollar[s] Against Magistrate Judge William Knox White for Violation of the New Mexico Civil Rights Act, Enacted by Gov. Michelle Lujan Grisham on April 7, 2021. And 18 USC § 242, 18 USC § 241, and Violation of Constitutional Rights Under Color of State Law." ECF No. 6 ("Amended Complaint"). Therein, Plaintiff alleges that Defendant "exceed[ed] jurisdiction where he had none," "[i]n this case there is no immunity for a judge ruling without subject matter jurisdiction," and "when a judge does not follow the Law, the judge loses subject-matter jurisdiction." *Id.* at 2-3.

Plaintiff has not alleged facts showing that Defendant White's actions were taken in the complete absence of all jurisdiction.

The Supreme Court of the United States has long held that judges are generally immune from suits for money damages. *Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). There are only two exceptions to this rule: (1) when the act is "not taken in [the judge's] judicial capacity," and (2) when the act, "though judicial in nature, [is] taken in the complete absence of all jurisdiction." *Id.* at 12. Regarding the second exception, an act taken in excess of a court's jurisdiction is not to be confused with an act taken in the "complete absence of all jurisdiction." As *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 351–52, 20 L.Ed. 646 (1871), explained,

> Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

To illustrate this distinction, the Supreme Court has stated:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Stein v. Disciplinary Bd. of Sup. Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (quoting *Stump v. Sparkman,* 435 U.S. 349, 357 n.7 (1978)).

Plaintiff has not alleged facts showing that Defendant lacked jurisdiction to preside over Plaintiff's case in magistrate court. Defendant's alleged failure to notify Plaintiff of a bench warrant is not sufficient to deprive Defendant of immunity. *See Stump*, 435 U.S. at 356–57

3

(articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

Plaintiff's argument that Defendant does not have immunity pursuant to the New Mexico Civil Rights Act is without merit. *See* Am. Compl. at 5. The New Mexico Civil Rights Act provides:

> A person who claims to have suffered a deprivation of any rights, privileges or immunities *pursuant to the bill of rights of the constitution of New Mexico* due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief *in any New Mexico district court*.

N.M.S.A. § 41-4A-3(B) (emphasis added). The New Mexico Civil Rights Act waives sovereign immunity only for claims for deprivations of rights pursuant to the New Mexico Constitution brought in state court; it does not waive sovereign immunity for claims for deprivations of rights pursuant to the United States Constitution brought in this United States Court.

Plaintiff also alleges Defendant violated 18 U.S.C. § 241, Conspiracy against rights, 18 U.S.C. § 242, Deprivation of rights under color of law, 18 U.S.C. § 371, Conspiracy to commit offense or to defraud United States, and 18 U.S.C. § 1505, Obstruction of proceedings before departments, agencies, and committees. *See* Am. Compl. at 5. The Amended Complaint fails to state a claim upon which relief can be granted pursuant to 18 U.S.C. §§ 241, 242, 371 and 1505 because Sections 241, 242, 371 and 1505 are criminal statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Therefore, **IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE